

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00038-CV

---

IN THE INTEREST OF N.V.R., D.A.R., AND J.T.R., CHILDREN

---

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 2007-2400-B

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

On November 3, 2016, the 307th Judicial District Court of Gregg County entered an Order in Suit to Modify Parent-Child Relationship and Adjudication of Parentage. In January 2017, William Runnels filed a direct appeal from that order. Our opinion affirming the trial court's order issued on August 31, 2017,[1] and the mandate in that appeal issued on November 16, 2017. On November 21, 2017, the presiding judge of the 307th Judicial District Court recused from this case, and the case was reassigned and transferred to the 124th Judicial District Court of Gregg County. On December 20, 2017, Runnels filed a Motion to Vacate Void Judgment in the 124th Judicial District Court seeking to void the November 3, 2016, order entered by the 307th Judicial District Court, and on February 27, 2018, Runnels filed an amended motion also seeking to void the November 3 order. The 124th Judicial District Court heard Runnels' amended motion on March 2, 2018, and on March 19, 2018, the trial court entered an order denying that motion. Thereafter, Runnels filed a notice of appeal attempting to appeal from the trial court's March 19, 2018, order denying his Amended Motion to Vacate or Set Aside Void Judgment.

The jurisdiction of an appellate court is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (West Supp. 2017). Unless we are given specific authority over an appeal from a particular type of order, we have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The trial court's March 19 order from which Runnels is attempting to appeal is not a final judgment. The question, then, is whether either the Texas Constitution or the Texas Legislature has granted

---

[1]*In re N.V.R.*, No. 06-17-00023-CV, 2017 WL 3751525 (Tex. App.—Texarkana Aug. 31, 2017, no pet.) (mem. op.).

2

this Court jurisdiction to hear the type of direct appeal that Runnels has noticed. The answer to that question appears to be that the trial court's March 19 order does not constitute an appealable order. *See Vega v. Lira*, No. 01-16-00369-CV, 2016 WL 4253696, at \*2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2016, no pet.) (per curiam) (mem. op.) (citing TEX. FAM. CODE ANN. § 109.002(b); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (1)–(12)).

By letter dated June 27, 2018, we informed Runnels of this potential defect in our jurisdiction and afforded him the opportunity to demonstrate proper grounds for our retention of the appeal. While Runnels did file a response and filed an amended notice of appeal, neither his response nor his amended notice address the jurisdictional issues raised in our June 27 letter.

In light of the foregoing, we dismiss the appeal for want of jurisdiction.


Ralph K. Burgess
Justice

Date Submitted:    July 16, 2018
Date Decided:      July 17, 2018

3